UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Damiane Antron McCoy, *a/k/a Damaine Antron McCoy*; Kenyatta Deshawn Lewis,<br><br>       Plaintiffs,<br><br>v.<br><br>Evaluation Line of Processing Inmates, South Carolina Director's Authority, Speaker of the State,<br><br>       Defendants. | C/A No. 4:24-cv-03788-RMG-MHC<br><br>**REPORT AND RECOMMENDATION** |

  This a civil action filed by Plaintiff Damiane Antron McCoy,[1] also known as Damaine Antron McCoy, a state prisoner who is proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

  In a Proper Form Order dated October 3, 2024, Plaintiff was directed to provide certain documents to bring his case into proper form. He was also notified of pleading deficiencies and given the opportunity to amend his Complaint. *See* ECF No. 5. Plaintiff has not provided all the required proper form documents, as discussed further below, and he has not filed an amended complaint.

### I. BACKGROUND

  At the time Plaintiff filed this action, he was an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections (SCDC). Records from SCDC indicate that

---

[1] Plaintiff also wrote "(KENYATTA DESHAWN LEWIS) (MY SISTER[])" in the "plaintiff" section of the caption of his Complaint. As discussed further below, this person is not a proper plaintiff to this Complaint as she did not sign the Complaint and Plaintiff may not represent her.

Plaintiff was moved to Tyger River Correctional Institution on September 10, 2024, and to the Lee Correctional Institution of SCDC on November 7, 2024. *See* SCDC Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Damaine McCoy"] (last visited Nov. 12, 2024). [2]

Records from Marlboro County and the SCDC indicate that on January 29, 2020, Plaintiff was sentenced to ten years' imprisonment, with credit for 1029 days, on the charge of assault and battery of a high and aggravated nature (case number MAR0967/indictment number 2019GS3400517). He was also sentenced to a consecutive term of seven and one-half years' imprisonment on the charge of resisting arrest with a deadly weapon, first offense (case number 2017A3410100177/indictment number 2017GS3400216). *See* Marlboro County Fourth Judicial Circuit Public Index, https://publicindex.sccourts.org/Marlboro/PublicIndex/PISearch.aspx [search case numbers listed above] (last visited Nov. 12, 2024).

Plaintiff appears to be attempting to bring claims under 42 U.S.C. § 1983 (§ 1983).[3] ECF No. 1 at 4. Plaintiff's entire statement of the facts of his claim is that "ALL HIGHEST AVAILABLE CHARGES AND ONE DIDN'T MOVE AND ASSAULT WAS NOT UNDER THE INJURY PROFILE." ECF No. 1 at 6. He states that the events that gave rise to his claims arose in "MARLBORO COUNTY COURT" and "KIRKLAND COURT" on January 18 and 28,

---

[2] This Court may take judicial notice of factual information located in postings on government websites. *See Tisdale v. South Carolina Highway Patrol*, No. 0:09–1009–HFF–PJG, 2009 WL 1491409, at *1 n. 1 (D.S.C. May 27, 2009), *aff'd*, 347 F. App'x 965 (4th Cir. 2009); *In re Katrina Canal Breaches Consol. Litig.*, No. 05–4182, 2008 WL 4185869, at * 2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).
[3] Plaintiff darkened a box on the Complaint form indicating he was bringing a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), but also struck through the box such that it may be that he is not bringing a *Bivens* claim. However, any *Bivens* claim is subject to summary dismissal because Plaintiff has not named any federal official as a defendant.

2020. *Id.* at 5. As relief, Plaintiff requests "CUSTODY RELIEF" and monetary damages. *Id.* at 6.

## II.     STANDARD OF REVIEW

A *pro se* Complaint is reviewed pursuant to the procedural provisions of 28 U.S.C. § 1915, the Prison Litigation Reform Act, Pub. L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992), *Neitzke v. Williams*, 490 U.S. 319 (1989), *Haines v. Kerner*, 404 U.S. 519 (1972), and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). *Pro se* complaints are held to a less stringent standard than those drafted by attorneys, and a court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

## III.     DISCUSSION

It is recommended that this action be summarily dismissed for the reasons discussed below.

A.     <u>Lack of Jurisdiction</u>

This action is subject to summary dismissal for lack of jurisdiction. Federal courts are courts of limited jurisdiction*, see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). The Complaint filed in this case is subject to summary dismissal without service of process because it fails to state a claim which this Court may consider under its federal question jurisdiction, *see* 28 U.S.C. § 1331,

or its diversity jurisdiction, *see* 28 U.S.C. § 1332.[4] Plaintiff appears to be attempting to assert federal question jurisdiction pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States," *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

In response to a question on the Complaint form asking Plaintiff to state what federal constitutional or statutory rights he claims are being violated by state or local officials as to any claim under § 1983, he merely wrote "SELF-REPRESENTATION." ECF No. 1 at 4. As to any *Bivens* claims, he stated that the constitutional rights he brings are "FALSE CLAIMS ACCEPTED INTO THE IRS. (LARGER AMOUNT THAN CALLED TO ACCULATE.)" *Id.* (errors in original). In these statements, Plaintiff fails to allege that any of his federal constitutional and/or federal statutory rights were violated.[5] Moreover, conclusory statements, without supporting facts

---

[4] A district court may also have jurisdiction of a civil action "where the matter in controversy exceeds the sum or value of $75,000...and is between – (1) citizens of different States...". 28 U.S.C. § 1332. However, Plaintiff has not asserted diversity jurisdiction and has not alleged complete diversity of the parties. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978) (Complete diversity of parties means that no party on one side may be a citizen of the same State as any party on the other side).

[5] As noted above, Plaintiff has not named any federal official as a Defendant as to any *Bivens* claim. He has not named the IRS as a Defendant. Moreover, federal agencies such as the IRS are not proper defendants in a civil rights action under *Bivens*. *See Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 62 (2001); *Sgro v. Fed. Bureau of Investigation*, No. 4:23-cv-96-BHH, 2024

or citation to specific legal precedent establishing a cause of action they seek to pursue, fail to adequately establish federal question jurisdiction under Rule 8. *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 43-44 (4th Cir. 1973) ("[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the District Court to entertain the suit[,] nor does federal jurisdiction attach on the bare assertion that a federal right or law has been infringed or violated or that the suit takes its origin in the laws of the United States.") (internal citations and quotation marks omitted).

B.    Failure to State a Claim

Even if Plaintiff can establish federal court jurisdiction, this action should be summarily dismissed because Plaintiff fails to state a cognizable claim against any of the Defendants. Much of the Complaint is fairly characterized as being composed of what some courts have described as "buzz words" or "legalistic gibberish." *See, e.g., Rochester v. McKie*, No. 8:11-CV-0797-JMC-JDA, 2011 WL 2671306 (D.S.C. Apr. 13, 2011), *report and recommendation adopted*, No. 8:11-CV-0797-JMC, 2011 WL 2671228 (D.S.C. July 8, 2011). As such, a substantial portion of Plaintiff's allegations are so generally incomprehensible or filled with what could only be considered by a reasonable person as unconnected, conclusory, and unsupported comments or "gibberish," that it is unclear what is to be made of them. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"); *see also Livingston v. Adirondack Beverage Co.*, 141 F.3d 434 (2nd Cir. 1998); *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1994) (affirming

---

WL 340785, at *2 (D.S.C. Jan. 30, 2024) ("*Bivens* claims can only be brought against individual agents and not federal agencies."), *aff'd*, No. 24-1325, 2024 WL 2828093 (4th Cir. June 4, 2024).

dismissal of Plaintiff's suit as frivolous where allegations were conclusory and nonsensical on their face).

Although Plaintiff lists Defendants' names in the caption of his Complaint and/or the list of Defendants, his pleadings fail to provide any specific facts to support a claim that each of these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring, in order to avoid dismissal, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests'" (quoting Fed. R. Civ. P. 8(a)(2))). Although the "liberal pleading requirements" of Rule 8(a) only require a "short and plain" statement of the claim, a plaintiff must "offer more detail ... than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001) (internal citations omitted); *see also White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (district court did not abuse discretion by dismissing plaintiff's complaint which "failed to contain any factual allegations tending to support his bare assertion").

C.     Kenyatta Deshawn Lewis/Plaintiff Cannot Represent Others

Plaintiff has listed Kenyatta Deshawn Lewis (Lewis) in the caption of his Complaint. Lewis did not sign the Complaint and no address has been provided for her. Moreover, there is no indication that Lewis has asserted any claims against Defendants. Although Plaintiff appears to be attempting to assert claims on behalf of Lewis, he is not a lawyer and may not do so. *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); *Lake*

*Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). *Cf. Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (a pro se prisoner cannot be an advocate for others in a class action).

D.   <u>Evaluation Line of Processing Inmates and South Carolina Director's Authority</u>

Defendants Evaluation Line of Processing Inmates and South Carolina Director's Authority appear to be unidentified groups of people. Such Defendants are subject to summary dismissal because they are groups of people that are not "persons" under § 1983. *See, e.g., Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Dalton v. South Carolina Dep't of Corr.*, No. 8:09–260–CMC–BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons); *Barnes v. Baskerville Corr. Cen. Med. Staff*, No. 3:07CV195, 2008 WL 2564779 (E.D. Va. June 25, 2008) ("Plaintiff's allegations that unspecified prison personnel violated his rights does not adequately state a § 1983 claim.").

E.   <u>Requested Relief not Available</u>

To the extent Plaintiff is requesting monetary damages as to his criminal convictions, such a request should be summarily dismissed under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) *Heck*. In *Heck*, the Supreme Court established the following test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under § 1983:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

7

> order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck*, 512 U.S. at 486-487 (internal footnotes omitted). Plaintiff has not alleged that his criminal convictions have been overturned through direct appeals, state post-conviction relief applications, or habeas corpus proceedings or have otherwise been invalidated.

Plaintiff also asks for "custody relief." ECF No. 1 at 6. To the extent Plaintiff is requesting release from SCDC custody, such relief is not available in a case brought under § 1983. *See Heck*, 512 U.S. at 481 (stating that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983"); *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973) (attacking the length or duration of confinement is within the core of habeas corpus).

F.     Statute of Limitations

Plaintiff appears to complain about incidents that occurred in January 2020. Such claims are barred by the applicable statute of limitations because Plaintiff filed this action more than three years after the alleged incidents. The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *See Owens v. Okure*, 488 U.S. 235 (1989); *Owens v. Baltimore City State's Attorney Office*, 767 F.3d 379, 388 (4th Cir. 2014) ("[T]o determine the timely filing of a § 1983 claim, courts borrow the statute of limitations from the most analogous state-law cause of

8

action. For § 1983 suits, that cause of action is a personal-injury suit.") (internal citations omitted); *Brannon v. Blanton*, No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."). A § 1983 cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action. *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995); *see also Wallace v. Kato*, 549 U.S. 384 (2007) (providing that the accrual date of a § 1983 cause of action is a question of federal law).[6]

G.   Failure to Bring Case into Proper Form

Plaintiff also failed to bring this case into proper form. In the Court's Proper Form Order, Plaintiff was given the opportunity to bring his case into proper form by submitting necessary proper form documents (a Financial Certificate signed by Plaintiff and completed and signed by the appropriate SCDC officer, a summons form listing all of the Defendants named in the matter, and a Form USM-285 for each named Defendant). Plaintiff was warned that failure to provide the necessary information within the timetable set forth in the Proper Form Order would subject the case to dismissal. ECF No. 5.[7]

---

[6] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading (*see* Fed. R. Civ. P. 8(c)), the court is authorized to anticipate clearly apparent affirmative defenses available to defendants in determining whether, under § 1915, process should be issued. *Todd v. Baskerville*, 712 F.2d at 74; *see also Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W. Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) [that a] complaint [is] frivolous.") (citation omitted).

[7] The Proper Form Order was mailed to Plaintiff at the Evans Correctional Institution address he provided and also to the Tyger River Correctional Institution address listed in the SCDC records. *See* ECF No. 6. The SCDC records indicate that Plaintiff was housed at Tyger River Correctional Institution at the time the Proper Form Order was mailed (October 3, 2024) and also at the time his response to the Proper Form Order was due (October 24, 2024).

The time to bring this case into proper form has now lapsed, and Plaintiff has failed to provide the required items to bring his case into proper form. Thus, in the alternative, it is recommended that this action be dismissed in accordance with Fed. R. Civ. P. 41. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989) (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

## IV.     RECOMMENDATION

Based on the foregoing, it is recommended that this action be dismissed without prejudice, without leave to amend,[8] and without issuance and service of process[9].

**Plaintiff's attention is directed to the important notice on the following page.**

Molly H. Cherry
United States Magistrate Judge

November 13, 2024
Charleston, South Carolina

---

[8] *See Britt v. DeJoy*, 45 F.4th 790 (4th Cir. 2022) (noting that "when a district court dismisses a complaint or all claims without providing leave to amend ... the order dismissing the complaint is final and appealable").

[9] The Clerk of Court is directed to mail a copy of this Report and Recommendation to Plaintiff at his address of record and also to the address for Plaintiff listed in the SCDC records (Lee Correctional Institution, 990 Wisacky Highway, Bishopsville, SC 29010).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).