# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Damiane Antron McCoy, *a/k/a Damaine Antron McCoy*; Kenyatta Deshawn Lewis,<br><br>     Plaintiff,<br>v.<br><br>Evaluation Line of Processing Inmates, South Carolina Director's Authority, Speaker of the State,<br><br>     Defendants. | Case No. 4:24-cv-03788-RMG<br><br>**ORDER** |

Before the Court is the report and recommendation ("R & R") of the Magistrate Judge recommending Plaintiff's action be dismissed. (Dkt. No. 8). Plaintiff, proceeding pro se, did not file objections to the report. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses Plaintiff's complaint. (Dkt. No. 1).

## I.     Background

Plaintiff McCoy brought this action while an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections and was eventually moved to Lee Correctional Institution on November 7, 2024. On January 29, 2020, Plaintiff was sentenced to ten years imprisonment, on the charge of assault and battery of a high and aggravated nature (case number MAR0967/indictment number 2019GS3400517). He was also sentenced to a consecutive term of seven and one-half years' imprisonment on the charge of resisting arrest with a deadly weapon, first offense (case number 2017A3410100177/indictment number 2017GS3400216). *See* Marlboro County Fourth Judicial Circuit Public Index, https://publicindex.sccourts.org/Marlboro/PublicIndex/PISearch.aspx (last visited Dec. 5, 2024).

1

The Court agrees with the Magistrate Judge's summary of the relevant facts. Plaintiff appears to be attempting to bring claims under 42 U.S.C. § 1983 (§ 1983).[1] (Dkt. No. 1 at 4). Plaintiff's statement of the facts of his claim is that "ALL HIGHEST AVAILABLE CHARGES AND ONE DIDN'T MOVE AND ASSAULT WAS NOT UNDER THE INJURY PROFILE." (Dkt. No. 1 at 6). He states that the events that gave rise to his claims arose in "MARLBORO COUNTY COURT" and "KIRKLAND COURT" on January 18 and 28, 2020. (*Id*. at 5). As relief, Plaintiff requests "CUSTODY RELIEF" and monetary damages. (*Id*. at 6).

On October 3, 2024, Plaintiff was directed to provide certain documents to bring his case into proper form and was given the opportunity to amend his Complaint. (Dkt. No. 5). Plaintiff did not provide the required documents and has not filed an amended complaint.

II.     **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

---

[1] Plaintiff appears to have shaded and subsequently crossed out the box on the Complaint form indicating he is bringing a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The Court agrees with the Magistrate Judge that any *Bivens* claim is subject to dismissal because Plaintiff has not named any federal official as a defendant.

2

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

### III. Discussion

For the following reasons, the Court adopts the R & R and summarily dismisses Plaintiff's action.

#### A. Lack of Jurisdiction

As the R & R noted, Plaintiff's complaint fails to state a claim which this Court may consider under its diversity jurisdiction, *see* 28 U.S.C. § 1332, or its federal question jurisdiction, *see* 28 U.S.C. § 1331. Plaintiff has not asserted diversity jurisdiction nor alleged complete diversity of parties. Plaintiff's attempt to assert federal question jurisdiction under 42 U.S.C. § 1983 also fails because he did not allege the two essential elements of a § 1983 claim: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). The Magistrate Judge correctly found that Plaintiff failed to allege that any of his federal constitutional and/or federal statutory rights were violated. Therefore, Plaintiff's action is dismissed for lack of jurisdiction.

#### B. Failure to State a Claim

The Court agrees with the Magistrate Judge's conclusion that Plaintiff has failed to state a cognizable claim against any of the Defendants. Plaintiff has not provided any specific facts to support a claim that each of these Defendants violated his federal constitutional or statutory rights. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In fact, as the R & R states, much of Plaintiff's allegations are so generally incomprehensible that is it unclear what is to be made of Plaintiff's claims. *See Hagans v. Lavine*, 415 U.S. 528, 536-537 (1974) (noting that federal courts

lack power to entertain claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit"). Therefore, Plaintiff's complaint is dismissed for failure to state a claim upon which relief can be granted.

### C. Kenyatta Deshawn Lewis/Plaintiff Cannot Represent Others

Plaintiff listed Kenyatta Deshawn Lewis ("Lewis") in the caption of his Complaint. (Dkt. No. 1). Lewis did not sign the Complaint and there is no indication that Lewis has asserted any claims against Defendants. The Magistrate Judge correctly noted that Plaintiff is not a lawyer and may not assert claims on behalf of Lewis. Therefore, any claims by Lewis in this action are dismissed.

### D. Evaluation Line of Processing Inmates and South Carolina Director's Authority

Defendants Evaluation Line of Processing Inmates and South Carolina Director's Authority appear to be unidentified groups of people. It is also unclear who Defendant Speaker of the State refers to. The Court agrees with the Magistrate Judge's analysis that such Defendants are subject to summary dismissal because they are not "persons" under § 1983.

### E. Requested Relief not Available

The Magistrate Judge correctly concluded that to the extent Plaintiff is requesting monetary damages as to his criminal convictions, this request should be summarily dismissed under *Heck v. Humphrey*, 512 U.S. 477, 481 (1994). In *Heck*, the Supreme Court established a test to determine whether a prisoner's claim for violation of due process in the context of a criminal proceeding is cognizable under § 1983. The Court agrees with the R & R's analysis of the *Heck* test and its applicability to Plaintiff. Although required under *Heck*, Plaintiff has not alleged that his criminal convictions have been overturned through direct appeals, state post-conviction relief applications,

or habeas corpus proceedings or have otherwise been invalidated. Therefore, any request Plaintiff has made for monetary damages is dismissed.

Plaintiff also requested "custody relief." (Dkt. No. 1 at 6). The Magistrate Judge correctly noted that such relief is not available in a case brought under § 1983. Therefore, Plaintiff's requested relief is not available.

F. Statute of Limitations

The applicable statute of limitations for a § 1983 claim arising in South Carolina is three years. *Brannon v. Blanton,* No. 9:15-2434-CMC, 2016 WL 4232886, at *2 (D.S.C. Aug. 11, 2016) ("[T]he statute of limitations for § 1983 claims arising in South Carolina is three years, regardless of the underlying allegations of the § 1983 claim."). The Court agrees with the R & R's analysis of the statute of limitations and the Court's authority to invoke it. Plaintiff stated that the events giving rise to his claims occurred in January 2020. (Dkt. No. 1 at 5). These claims are barred by the statute of limitations because this action was filed in July 2024, more than three years after the alleged incidents.

G. Failure to Bring Case into Proper Form

Lastly, Plaintiff failed to bring this case into proper form. The Magistrate Judge warned Plaintiff that failure to submit necessary documents within the timetable set forth in the Proper Form Order would subject the case to dismissal. (Dkt. No. 5). Plaintiff has failed to provide the required items in time. Therefore, the Magistrate Judge correctly concluded that Plaintiff's case be dismissed.

**IV.    Conclusion**

In light of the foregoing, the Court **ADOPTS** the R & R (Dkt. No. 8) as the Order of the Court and **DISMISSES** Plaintiff's complaint (Dkt. No. 1) without prejudice, without leave to amend, and without issuance and service of process.

**AND IT IS SO ORDERED.**


                                                                  s/ Richard Mark Gergel
                                                                 Richard Mark Gergel
                                                                 United States District Judge

December 7, 2024
Charleston, South Carolina